99-00706 Viramontes v State of Texas.wpd



No. 04-99-00706-CR



Juan J. VIRAMONTES,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 6, Bexar County, Texas


Trial Court No. 682549


Honorable M'Liss Christian, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 26, 2000


AFFIRMED


 Juan Viramontes appeals his conviction for driving while intoxicated (DWI). In a single
issue, Viramontes complains the trial court erred in allowing "back door" evidence of information
that was subject to a prior suppression order. We affirm the judgment of the trial court.


Factual and Procedural Background

 At three o'clock in the morning, San Antonio Police Officer Carlos Ortiz observed
Viramontes swerve into an opposite lane of traffic at a high rate of speed. Officer Ortiz proceeded
to follow Viramontes, suspecting he was intoxicated. After Ortiz saw Viramontes run through a red
light and fail to yield at an intersection, he stopped Viramontes and detected the strong smell of
alcohol, slurred speech, and other signs of intoxication. Thereafter, Ortiz administered the Romberg
balance test, the walk and turn test, the leg lift test and nose touch test, and observed Viramontes
perform poorly on all of the field sobriety tests. After Viramontes refused to take a breath intoxilyzer
test, Ortiz arrested Viramontes for driving while intoxicated. 

 At the downtown police substation, a videotape was taken of Viramontes' demeanor. Officer
Jose Trevino operated the video camera and perceived Viramontes to be intoxicated. Trevino
testified that he asked Viramontes to stand in a green square in the video room but instead
Viramontes chose to lean against a wall, an action indicative of intoxication. 

 At a pre-trial hearing, Viramontes filed a motion to suppress the post-arrest videotape on the
grounds that he invoked his right to counsel during his arrest. The court granted a motion to
suppress only the audio portion of the videotape. During the testimony of Officer Trevino,
Viramontes argued the trial court improperly permitted the State to inquire about the substance of
the audio portion of the videotape.

Discussion 

 In a single issue, Viramontes complains the trial court erred in permitting the State to inquire
about the substance of the suppression order through "back door" evidence. Specifically,
Viramontes contends the State improperly alluded to Viramontes' invocation of counsel contained
in the audio portion of the videotape. The admission or exclusion of evidence is within the sound
discretion of the trial court. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
We review the trial court's ruling on the evidence under an abuse of discretion standard. Id.

 In support of his argument, Viramontes directs this court to the following exchange:

 STATE: Officer, without going into what may or may not have been said in the
room, when the Defendant walked into the room, was he speaking English or
Spanish?

 DEFENSE COUNSEL: Judge, I'm going to object. I don't think it's 

 admissible.

 COURT: Overruled.


****


 STATE: And during this time, were you able to make any observations of the
Defendant while he was in the video room?

 OFFICER TREVINO: Well, I could make the observation that he was not coherent
of what I was asking him at times. He was not using proper Spanish language as he
said he did know. His demeanor, his stance, as far as he stood there, how he talked
about the situation that he was in.

 STATE: I'm sorry, without going into what he said.

 DEFENSE COUNSEL: I have to object again to this whole line of questioning. I
think it's improper.

 COURT: Overruled.


****

 STATE: Now, without going into what was said, why did you speak - - why did you
go into Spanish after the first minute?

 DEFENSE COUNSEL: Judge, I'm going to object. I would like a running object to
this entire line of questioning. I think it's improper.

 COURT: Overruled.

 Although Viramontes contends the trial court erred in admitting the testimony, an
examination of the foregoing excerpts reveals Viramontes waived any alleged error. None of
defense counsel's objections were specific or timely to preserve error for appellate review, and are
therefore waived. See Tex. R. App. P. 33.1; Miranda v. State, 813 S.W.2d 724, 737 (Tex. App. -San
Antonio 1991, pet. ref'd)(noting that a general objection preserves nothing for appellate review). 

 In any event, the record reveals the State's numerous attempts to avoid any testimony
concerning the audio portion of the video dialogue between Viramontes and Officer Trevino.
Additionally, the court counseled the jury to disregard any alleged statements made by Viramontes
during the video session, which likely cured any potential error. See Livingston v. State, 739 S.W.2d
311, 335 (Tex. Crim. App. 1987)(recognizing error in admission of improper testimony may
generally be cured by instruction to disregard). While defense counsel objects to Trevino's
testimony regarding Viramontes' demeanor and stance in the video room, the officer's perceptions
of Viramontes' behavior were not subject to the suppression order; therefore, we cannot hold the trial
court abused its discretion in admitting the testimony. Accordingly, we overrule Viramontes' sole
issue and affirm the judgment of the trial court.


 Catherine Stone, Justice

DO NOT PUBLISH